Good morning, Your Honor. Good morning. Darla Mondew for the Defendant, Mr. Appleton-Lewis. The government would have this Court believe that subject matter jurisdiction can be dispelled to the district court by a defendant's admission. That's an untenable position. The plain language of Section 1903F clearly states that subject matter jurisdiction — that statutory jurisdiction is a preliminary question of law for the judge. And Judge Brunetti, in his dissent in Perlazza, made clear that statutory jurisdiction is subject matter jurisdiction. Subject matter jurisdiction goes to the power of a court to hear a case. Personal jurisdiction goes to the power over the defendant. But of critical importance is, can this Court hear this case? Does — The district court concluded it could without specifically addressing the issue you're raising. Is that it? The district court relied on the defendant's admission to make that finding in derogation of the statute, which says it's a preliminary question of law. It may be. But the underlying fact is whether or not the vessel is stateless. Isn't that correct? But the — Is that yes or no? But when you say but, I don't know whether you're saying yes, but, or no, but. This Court has held that if jurisdiction, statutory jurisdiction is disputed, it's a question for the jury. I believe that was in — Yes. Was it disputed? He pled. This was not disputed. Right. But the — He pled that — just let me — I'm just trying to understand where your argument is. My understanding is that he pled guilty. He pled as part of the plea that the vessel was stateless. Is that correct? That's true. And — Okay. So now the district court has that fact admitted in the record. He has that undisputed fact. And the judge proceeds without saying, I now find that I have subject matter jurisdiction. I now make a specific finding that the vessel was stateless. And you're saying, well, that's where the error lies. Is that it? Because, first off, the statelessness of the vessel is not an element of the offense. The defendant can plead to elements of the offense, even though the district court in this case included it. Well, how else would the Court find that it was stateless? The Court would make a preliminary determination at arraignment that it had subject matter jurisdiction because — At what point in the process? At that point? No. What you said, at arraignment? Well, it would have to be preliminary, as the statute envisions. It certainly logically must come before — Well, subject matter jurisdiction can be raised at any time, correct? Yes. If the proceedings went forward and it wasn't challenged at the outset, and then the defendant comes in and says, I plead guilty to this offense, and one of the facts that I plead to as a recipient witness, presumably, is that this vessel was stateless, okay? The district court — let's assume the district court said, I — based on your admission that the vessel was stateless, I find that I have subject matter jurisdiction under the statute, and then proceeds on. That would have been okay? Yes. Okay. Absolutely. I've got to say, this kind of screams out for an empty exercise. What possibly is going to turn out different in this case? I guess the most you're asking for is for us to remand for the Court to say that, but does anybody doubt that the district court concluded it had jurisdiction? No. You're right. Then why are we — what's the argument? What difference can this possibly make? Given that your client has acknowledged that he didn't have a flag, he's stateless, everybody knows that he's stateless. The Court's going to conclude that expressly if the implicit conclusion isn't sufficient. I'm not quite sure why we're here or what more needs to be said. We're here because I disagree that it is something that can be determined through an admission. I think it had to be a judicial finding. What better evidence can there be than the guy who got picked up saying, yeah, I got picked up without a flag because we didn't have a flag, we're stateless? Isn't that pretty compelling evidence that there's jurisdiction? That certainly is compelling evidence that the district court could have used to say, I have subject matter jurisdiction. So all I'm missing is the sentence stated by the judge, I have jurisdiction? Yes. And you want to send the case back for the purpose of having the district judge say that, because I don't think you expect him to say, oh, my God, I don't have jurisdiction here. He's going to say he has jurisdiction. What possible difference can this make? First off, Congress has never amended 1903a to take out the jurisdictional If you read the indictment, it sounds as if the United States can confer the jurisdiction by iterating in the indictment that Maybe we could simplify this. If you win, what order do you want us to enter? The defendant would like to be remanded for a new plea hearing. A new plea hearing. Yes. Okay. So he withdraws the plea, the plea is void, and he wants to re-plead. That's what he has communicated to me, Your Honors. In absence of filing an Andrews brief, I filed this one. I see. Okay. Fair enough. No, you're not done yet. I just had a couple follow-up questions. So I think I just heard you say that had the judge conducted this hearing that you think he should have conducted, the preliminary determination, that the defendant's admission could have been used to satisfy the showing? I believe they probably would have used his statements that he made when the Coast Guard boarded the vessel. Okay. So it's not improper for the district court, if it is required, to make an express finding that it has jurisdiction to rely upon the defendant's statements? At that distance in the procedure, yes, it could have.   This is a question of law. I assume that the Court of Appeals reviews the record de novo? Absolutely. All right. So why couldn't this court look at the record and determine whether the jurisdictional facts were present and make its own determination that there was jurisdiction? This court certainly could. But the issue to look at is, can the district court not comply with the mandate of the statute? Well, assuming that it did, there is such a mandate, and assuming the district court didn't comply with it, if on de novo review this court looks at the record and the jurisdictional facts are present, then what purpose is served by a remand? That would be up to the discretion of Your Honors. My client has asked for that, so I'm advocating for his position. He also certainly could, in a 2255, file an ineffective assistance counsel for not bringing up the issue of the subject matter jurisdiction. But following this Court's guidance on that, I presented it to him. Saving that for 2255. Thank you. I could say submitted, but. You may. All right. We hear the argument and we understand the argument, so often, you know, when you talk, you can undo all that you think you've got. I just don't want to, you know, beat an issue unnecessarily. I think Judge Clifton hit the proverbial nail on the head. The remedy here is for the court to hold a hearing that essentially amounts to a waste of time. There were sufficient facts in this record from which the court concluded there was statutory jurisdiction with which to hear the case. Doesn't the government have some obligation to make sure the district court checks the right box and have the district court make the explicit finding? Wouldn't that have saved everybody all this problem? I don't believe so. I don't think the statute actually requires. The statute 1903F simply requires the court to hold a hearing on issues, if there are issues related to jurisdiction. There were no issues created by either party with respect to that, so there wouldn't have been a need to have a hearing in the first place. As the court's aware, an appellant in this case admitted when his vessel was initially contacted by Coast Guard that he was the captain and his vessel flew no flag. At the Rule 11 proceeding, he indicated again that the vessel was essentially without nationality and admitted that the government could prove, if the case went to trial, that his vessel was, in fact, a stateless vessel. Following that, in the pre-sentence report, he did not contest the probation officer's statement that it was a stateless vessel, that it did not fly a flag, and it was without a nationality. There wasn't any reason for the court to hold any type of hearing, clearly and implicitly found that it had statutory jurisdiction. I assume that's why he asked the question during the colloquy, because he didn't need to ask the question for the sake of the guilty plea itself, so it might have been helpful for the court to have offered the conclusion from his mouth, but it seemed pretty apparent he was trying to touch that base and move on. I think that was exactly correct. It was clear from the question he was asking. You're not disputing, however, that it is a jurisdictional question? No. Well, I indicated in my response and brief that this issue was waived, similar to that of the defendant in Moreno, Maria, where the court advised that particular defendant, I think it was Gonzalez-Rivas, that one of the elements of the offense was the government had to prove that it had jurisdiction by virtue of the fact that he was on a vessel subject to the jurisdiction of the United States. That was done in this case as well. And in Moreno, Maria, the court indicated that that issue was waived because the defendant pled guilty unconditionally when being advised of that particular element. Okay. Thank you. Did I reserve any time, Your Honor? You have time. Okay. That's incorrect. It is not an element of the offense. Yeah. We understand the dispute. That's clear. The judge was required to find this. Okay. Fine. Thank you very much. Case argued as submitted. Okay. The next case on calendar is
judges: Fisher, Clifton, Fogel